Filed 2/17/26  P. v. Wright CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LELAND JAMES WRIGHT,<br><br>Defendant and Appellant. | F088428<br><br>(Super. Ct. No. BF198015A)<br><br>**OPINION** |

-ooOoo-

## THE COURT\*

APPEAL from a judgment of the Superior Court of Kern County.  John D. Oglesby, Judge.

Joshua G. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Franson, Acting P. J., Meehan, J. and Harrell, J.

# INTRODUCTION

Appellant Leland James Wright was charged with one felony count of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)),[1] and one misdemeanor count of making a false representation of identity to a peace officer (§ 148.9, subd. (a)). As to count 1, it was also alleged appellant had suffered a prior serious or violent felony conviction (strike) (§ 667, subd. (e)), and that he had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a). Further, four aggravating circumstances were alleged for the purposes of sentencing. A jury found appellant guilty of both substantive counts. During a bifurcated court trial, the court found true beyond a reasonable doubt the prior strike allegation (§ 667, subd. (e)) and the prior serious felony conviction enhancement allegation (*id.*, subd. (a)). The court also found true beyond a reasonable doubt three aggravating-circumstance allegations.

At a sentencing hearing, the trial court struck the prior strike allegation, and imposed an aggregate sentence of 10 years, consisting of the upper term of five years for the robbery conviction (§ 213, subd. (a)(2)), plus five years for the prior serious conviction enhancement (§ 667, subd. (a)). After imposing sentence, the court suspended its execution, and ordered appellant be placed on probation for 10 years (§ 1203.1, subds. (a), (*l*)(1)), contingent on successful completion of the Jericho in-patient drug rehabilitation program.

After the sentencing hearing, appellant filed a notice of appeal, requesting court-appointed counsel. Counsel was appointed to represent him on appeal, and counsel filed a *Wende*[2] brief. Appellant was afforded an opportunity to raise any issues on his own, but he has not done so. We have independently reviewed the entire record and, finding no arguable issues, affirm the judgment.

---

[1] All further statutory references are to the Penal Code unless indicated otherwise.

[2] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

## BACKGROUND

In the afternoon of January 30, 2024, appellant took food from a grocery store's shelves and, without paying, proceeded to leave the store. A store manager who had been watching appellant, followed him through the doors of the store and asked appellant to pay for the items. Appellant cursed at the manager, and the manager again asked him to pay for his items. Appellant then turned, made a fist, and threatened to hit the store manager if the store manager touched him. The manager stopped pursuing appellant because the threat made him afraid, and he called 911 because he felt the police were needed to handle the situation. As the manager watched appellant walk away, he called 911 and reported appellant's conduct. The 911 call was played for the jury.

A police officer was dispatched to the scene, and saw appellant about two minutes away from the grocery store; he was walking down the street with a cart containing groceries. The officer stopped him. When appellant was asked for his name, he told the officer he was Asmad Ali. The officer was unable to bring up any information based on the name and date of birth appellant gave him. He attempted to verify the information, and each time he did so, appellant maintained he was Asmad Ali. The officer then detained appellant in his patrol car so that an in-field showup could be performed with the store manager. Later, during booking, appellant was fingerprinted and identified as Leland Wright.

Meanwhile, a second officer drove the manager to appellant for the showup. The officer testified the manager told him he was "pissed off" about the situation, but he did not mention he had been afraid for his life. Before the manager was transported, however, he stated to the officer he had been in fear for his life during the encounter with appellant.

The jury found defendant guilty of both counts. Appellant waived his right to a jury trial with respect to the remaining bifurcated allegations, and the trial court found

true the prior strike allegation and a prior serious conviction enhancement allegation. The court also found true three of the four aggravating circumstance allegations.

In advance of the sentencing hearing, appellant filed a statement in mitigation, which included a request the court exercise its discretion under section 1385 to strike the prior strike allegation. Appellant's statement explained that, at the time of his offenses, he was homeless and living on the streets; he was also severely drug addicted and using large amounts of methamphetamine. Having spent all his money on drugs, appellant had resorted to stealing a small amount of food due to hunger. Appellant argued the robbery itself was not violent; it was committed in the afternoon; appellant possessed no weapons; the amount taken was less than $200; and the threat of violence he made against the store manager was limited—he never attempted to strike the manager or to dissuade the manager from reporting the crime to law enforcement. Moreover, he was taken into custody without incident. Appellant noted that his prior strike was more than eight years old, and it was related to his drug addiction.

At a sentencing hearing, the trial court granted appellant's request to strike the prior serious/violent conviction allegation under section 1385, subdivision (a), and sentenced appellant to an aggregate determinate term of 10 years. On count 1, the court imposed the upper term of five years, plus a consecutive term of five years for the prior serious conviction enhancement. The court suspended execution of the sentence (§ 1203.1, subds. (a), (*l*)(1)), and placed appellant on probation for 10 years with the conditions that he serve one year in the county jail, and that he successfully complete the Jericho in-patient drug rehabilitation program.[3]

---

[3] The court ordered that appellant could be released from the jail early upon direct placement with the Jericho program, and was immediately eligible for transport to that program—i.e., appellant was to remain in jail until either he completed the one-year term or was released directly into the program.

As to count 1, the court imposed a victim restitution fine in an amount to be determined (§ 1202.4, subd. (f)); a restitution fine of $300 (§ 1202.4, subd. (b)); a matching $300 probation revocation restitution fine, which was suspended (§ 1202.44); an additional fine of $10 (§ 1202.5, subd. (a)); a court operations assessment of $40 (§ 1465.8, subd. (a)(1)); and a court facilities assessment of $30 (Gov. Code, § 70373, subd. (a)(1)).

As to count 2, the trial court denied probation, and imposed a 180-day jail term to be served concurrent to the sentence imposed on count 1. The court imposed a court operations assessment of $40 (§ 1465.8, subd. (a)(1)), and a court facilities assessment of $30 (Gov. Code, § 70373, subd. (a)(1)). The court awarded 288 days of custody credit. (§ 4019, subd. (f).)

## DISCUSSION

The present *Wende* brief raises no arguable issues; it asks us to independently review the entire record. Following receipt of the *Wende* brief, this court notified appellant he had the right to file a letter with us stating any grounds on appeal that he wished us to consider. Appellant did not file a brief.

Pursuant to *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Consistent with our Supreme Court's direction in *Kelly*, we have provided a brief description of the relevant facts and the procedural history of this case. (*Id.* at p. 110.) We have summarized the crimes for which appellant was convicted, and the punishment imposed. (*Ibid.*)

We find no arguable appellate issues. The sentencing court struck the prior strike conviction allegation under section 1385, subdivision (a), and imposed an authorized aggregate sentence of 10 years, consisting of the upper term of five years under section 213, subdivision (a)(2), plus a consecutive term of five years for the prior serious conviction enhancement under section 667, subdivision (a). Execution of the imposed sentence was suspended, and appellant was placed on probation for 10 years, contingent

on serving one year of jail time and successfully completing the Jericho drug rehabilitation program. On count 2, appellant was sentenced to 180 days of jail time, concurrent to the sentence imposed on count 1. Nothing in the record suggests the court may have abused its sentencing discretion.

## DISPOSITION

The judgment is affirmed.